UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL W. LENNARD GIDDENS, SR.,

        Plaintiff,

vs.                                Case No.  2:05-cv-28-FtM-33SPC

H.R. HEAD; FLORIDA HIGHWAY PATROL,

        Defendants.
_____

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Complaint or, In the Alternative, Motion for More Definite Statement, or, In the Second Alternative, Motion to Abate (Doc. #23).  To date, Giddens has not filed a response.

### I. Background

In his complaint, Giddens —a *pro se* Plaintiff— alleges that officer Head assaulted him following a traffic stop.  Included with Giddens' complaint are accounts by Giddens and his two sons.  In these accounts, Giddens and his two sons describe the events preceding the assault, the assault itself, and the consequences of the assault.  In seeking a dismissal, the Defendants contend that Giddens' complaint is facially insufficient and as such does not comply with Federal Rule of Civil Procedure 8(a). (Doc. #23 at 2).  The Court agrees, and dismisses the complaint.

### II. Standard of Review

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted); Marsh v. Butler County, Ala., 368 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47). Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

*Pro se* pleadings are liberally construed as they are held to a less stringent standard than those drafted by an attorney. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002) (citation omitted). However, the lenient standard afforded to a *pro se* litigant does not exempt the *pro se* litigant from complying with any relevant substantive law and procedural rules. Sanders v. Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993).

### III. Analysis

While in his complaint Giddens lays out the details of the alleged assault —unless Giddens intends to bring a common law cause of action for assault, in which case , absent diversity, the Court lacks subject matter jurisdiction— Giddens does not state a claim upon which relief can be granted. If it is Giddens intent to bring a claim within the purview of the Court's jurisdiction, Gidden must explicitly state the claim and identify the source of the Court's jurisdiction. Without the assertion of a claim, e.g. 29 U.S.C. § 207(a), and the source of the Court's jurisdiction, e.g. 28 U.S.C. § 1331, a complaint fails to comply with Federal Rule of Civil Procedure 8(a). See Fed. R. Civ. P. 8(a)(requiring a "short and plain statement of the grounds upon which the court's jurisdiction depends" and a "short and plain statement of the claim showing that the pleader is entitled to relief").

Understanding that Giddens is proceeding *pro se*, the Court liberally construed Giddens' complaint.  However, even the Court's liberal construction does not remedy Giddens' failure to affirmatively allege a claim and the source of this Court's jurisdiction.  Accordingly, the complaint is dismissed without prejudice; the defendant is free to file an amended complaint correcting the omission.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Complaint (Doc. #23) is GRANTED and this case is dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>27th</u> day of October, 2005.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record